Rebecca R. Hanson (admitted *pro hac vice*)
Email: rhanson@reedsmith.com
Mia C. McDonald (admitted *pro hac vice*)
Email: mmcdonald@reedsmith.com
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: +1 312.207.1000
Facsimile: + 1 312.207.6400

Karen A. Braje (SBN 193900)
Email: kbraje@reedsmith.com
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorneys for Defendant United Healthcare, Inc.*

[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.G.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>UNITED HEALTHCARE,<br><br>                    Defendant. | Case No. 4:21-cv-07032-HSG<br><br>**STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER (as modified)**<br><br>Honorable Haywood S. Gilliam, Jr. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**STIPULATION**

Defendant United Healthcare, Inc. ("United") and Plaintiff K.G. ("Plaintiff") (United and Plaintiff are referred to collectively as "Parties") hereby submit, through their undersigned counsel, the following Stipulation:

WHEREAS, the Parties anticipate that discovery in this matter will entail the production of sensitive documents and information, including but not limited to protected health and confidential business information;

WHEREAS, to that end, the Parties have agreed that good cause exists for entry of a protective order, the terms of which are reflected in the [Proposed] Stipulated Protective Order attached hereto as Exhibit C;

WHEREAS, in accordance with the Court's Standing Order, attached hereto as Exhibit A is a copy of the Parties' [Proposed] Stipulated Protective Order, which contains redlining reflecting the deletions and additions to this Court's Model Stipulated Protective Order for Standard Litigation. A copy of the Court's Model Stipulated Protective Order for Standard Litigation is attached hereto as Exhibit B. A clean copy of the Parties' [Proposed] Stipulated Protective Order is attached hereto as Exhibit C.

In light of the foregoing, the Parties hereby request that the Court enter the [Proposed] Stipulated Protective Order attached hereto as Exhibit C as the Order of the Court.

**IT IS SO STIPULATED.**

DATED:  December 21, 2021

REED SMITH LLP

By: */s/ Rebecca R. Hanson*
    Rebecca R. Hanson
    *Attorneys for Defendant United Healthcare, Inc.*

DATED:  December 20, 2021

KANTOR & KANTOR, LLP

By: */s/ Elizabeth Hopkins*
    Elizabeth Hopkins
    *Attorneys for Plaintiff K.G.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 4:21-cv-7032-HSG

1

2 **ATTESTATION OF CONCURRENCE OF CONFORMED SIGNATORIES**

3 **CIVIL L.R. 5-1**

4

5       Pursuant to Civil L.R. 5-1(i) the undersigned ECF user attests that concurrence in the filing

6 of the foregoing document has been obtained from each of the other Signatories to the document.

7

8                                         REED SMITH LLP

9                                  By:   /s/ *Rebecca R. Hanson*
                                         Rebecca R. Hanson
10
                                         *Attorneys for Defendant United Healthcare, Inc*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

Per the Parties' stipulation and good cause appearing, the Court hereby grants the Parties' request for entry of a Stipulated Protective Order.  The Stipulated Protective Order attached to docket no. 32 as Exhibit C is hereby approved, entered as the Order of this Court, and will be e-filed as a separate entry on the docket

**IT IS SO ORDERED.**

DATED:  1/6/2022

By:  _____

THE HONORABLE HAYWOOD S. GILLIAM, JR.
United States District Court Judge

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 4:21-cv-7032-HSG

STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Rebecca R. Hanson (admitted *pro hac vice*)
Email: rhanson@reedsmith.com
Mia C. McDonald (admitted *pro hac vice*)
Email: mmcdonald@reedsmith.com
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: +1 312.207.1000
Facsimile: + 1 312.207.6400

Karen A. Braje (SBN 193900)
Email: kbraje@reedsmith.com
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorneys for Defendant UnitedHealthcare, Inc.*

[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

K.G.,

                                    Plaintiff,

            v.

    United Healthcare,

                                    Defendant.

Case No. 4:21-cv-07032-HSG

**STIPULATED
PROTECTIVE ORDER**

1.      <u>PURPOSES AND LIMITATIONS</u>

        This action is likely to involve production of confidential, proprietary, or private information

for which special protection from public disclosure and from use for any purpose other than

prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition

the Court to enter the following Stipulated Protective Order. The parties acknowledge that this

[Proposed] Order does not confer blanket protections on all disclosures or responses to discovery

and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties acknowledge that information produced in this case, regardless of its designation under this Order, may contain person and health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-164; HIPAA Privacy Regulations), and California Civil Code §§ 56 *et seq*., and 1798.82 *et seq*. (collectively "Privacy Laws"), which protect the confidentiality of individually identifiable personal and health information. The parties agree to take all measures necessary to comply with the requirements of the Privacy Laws and any other applicable laws governing the privacy of personal and health information. Such measures include, but are not limited to, the development, implementation, maintenance, and use of appropriate administrative, technical, and physical safeguards, in compliance with the Privacy Laws and applicable state and federal laws, to preserve the integrity, confidentiality, and availability of Protected Material. The parties expressly agree that the citations to the Privacy Laws in this paragraph are for convenience only and that it remains the obligation of each party to the action to understand and comply with the obligations imposed by the Privacy Laws and any other potentially applicable state and federal law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that

2

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:21-cv-07032-HSG

information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case. In entering this Order, the Court hereby authorizes the parties to produce, at an appropriate time in accordance with the provisions of this Order, Discovery Material concerning the coverage determinations and treatments at issue in the action.

2.   DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including information, documents, or things that have not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy, including personal health information or information otherwise protected under Privacy Rules.

2.3   Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**STIPULATED PROTECTIVE ORDER**                              **CASE NO. 4:21-cv-07032-HSG**

2.7     <u>In-House Counsel</u>:  attorneys who are employees of a Party to this action (or corporate parent or relevant affiliate) and who have responsibilities related to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

4

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. In addition, this Order shall not limit a Party or Non-Party's ability to use its own Protected Material for any purpose. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. However, where it is administratively unfeasible or unduly burdensome to designate only portions of material, documents, items, or communications that contain confidential information, the parties may agree to allow wholesale designation to facilitate production, with an agreement to allow for later limited designation as may be appropriate or necessary depending on the overall relevance/importance of the information produced. Mass, indiscriminate, or routinized designations are otherwise prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition, that the Designating Party identify, within fourteen days after receipt of the final transcript, any portion of such deposition involving protected testimony.

(c) for testimony or argument given in pretrial or other proceedings, that the Designating Party identify by close of the hearing any portion of such hearing or other proceeding involving protected testimony.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon a reasonably timely correction of a designation once the failure to designate is identified, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including prompt collections of any previous disclosures inconsistent with the designation and such other steps described in paragraph 10 of this Order. Such steps should occur promptly upon notice of the designation, regardless of any dispute that may exist concerning the designation.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph

7

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:21-cv-07032-HSG

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must specify the designated material subject to the challenge and explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a  joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and

**STIPULATED PROTECTIVE ORDER**                                          **CASE NO. 4:21-cv-07032-HSG**

1    confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to

2    refer the discovery matter to a Magistrate Judge.

3           The burden of persuasion in any such challenge proceeding shall be on the Designating

4    Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

5    unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

6    Unless the Designating Party has waived the confidentiality designation by failing to file a letter

7    brief to retain confidentiality as described above, all parties shall continue to afford the material in

8    question the level of protection to which it is entitled under the Producing Party's designation until

9    the court rules on the challenge.

10   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

11          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

12   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

13   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

14   the categories of persons and under the conditions described in this Order. When the litigation has

15   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

16   DISPOSITION).

17          Protected Material must be stored and maintained by a Receiving Party at a location and in a

18   secure manner that ensures that access is limited to the persons authorized under this Order.

19          7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

20   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

21   information or item designated "CONFIDENTIAL" only to:

22          (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of

23   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

24   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

25   attached hereto as Exhibit A;

26          (b)  the officers, directors, and employees (including In-House Counsel) of the Receiving

27   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

28

9

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information. In addition, if such person is not employed by a Party, he or she needs to have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this

1   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

2       (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

3   Designating Party whose Protected Material may be affected.

4       If the Designating Party timely seeks a protective order, the Party served with the subpoena

5   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

6   before a determination by the court from which the subpoena or order issued, unless the Party has

7   obtained the Designating Party's permission. The Designating Party shall bear the burden and

8   expense of seeking protection in that court of its confidential material – and nothing in these

9   provisions should be construed as authorizing or encouraging a Receiving Party in this action to

10  disobey a lawful directive from another court.

11  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

12        LITIGATION

13      (a)  The terms of this Order are applicable to information produced by a Non-Party in this

14  action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

15  connection with this litigation is protected by the remedies and relief provided by this Order.

16  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

17  protections.

18      (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

19  Party's confidential information in its possession, and the Party is subject to an agreement with the

20  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

21      (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the

22  information requested is subject to a confidentiality agreement with a Non-Party;

23      (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

24  litigation, the relevant discovery request(s), and a reasonably specific description of the information

25  requested; and

26      (3)  make the information requested available for inspection by the Non-Party.

27      (c)  If the Non-Party fails to object or seek a protective order from this court within 14 days

28

**STIPULATED PROTECTIVE ORDER**                    **CASE NO. 4:21-cv-07032-HSG**

of receiving the notice and accompanying information, the Receiving Party may produce the Non-

Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

protective order, the Receiving Party shall not produce any information in its possession or control

that is subject to the confidentiality agreement with the Non-Party before a determination by the

court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

        (a) When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

is not intended to modify whatever procedure may be established in an e-discovery order that

provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d)

and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

information covered by the attorney-client privilege or work product protection, the parties may

incorporate their agreement in the stipulated protective order submitted to the court.

        (b) Pursuant to Federal Rule of Evidence 502(d), in the event that inadvertently produced

material is produced or disclosed, such inadvertent production or disclosure shall in no way

prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client

**STIPULATED PROTECTIVE ORDER**                                    **CASE NO. 4:21-cv-07032-HSG**

privilege, attorney work product protection, or other applicable protection in this case or any other federal or state proceeding, provided that the Producing Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Producing Party discovers such materials have been inadvertently produced.

(c) If a claim of inadvertent production is made, pursuant to this Order, with respect to Discovery Material then in the custody of another Party, that Party shall: (i) refrain from any further examination or disclosure of the claimed Discovery Material; (ii) promptly make a good-faith effort to return the claimed Discovery Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Discovery Material (including summaries and excerpts) and certify in writing to that fact; and (iii) not disclose or use the claimed Discovery Material for any purpose until further order of the Court expressly authorizing such use.

(d) A Party may move the Court for an order compelling production of the inadvertently produced material on the ground that it is not, in fact, privileged or protected. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. Any effort to file under seal pursuant to this paragraph must comply with Civil Local Rule 79-5. The Producing Party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed or produced information. While such a motion is pending, the inadvertently produced material at issue shall be treated in accordance with Paragraph 11(c) above.

If a Party, in reviewing Disclosure or Discovery Material it has received from any other Party or any Non-Party, finds anything the reviewing Party believes in good faith may be inadvertently produced material, the reviewing Party shall: (i) refrain from any further examination or disclosure of the potentially inadvertently produced material; (ii) promptly identify the material in question to the Producing Party (by document number or other equally precise description); and (iii) give the Producing Party seven (7) days to respond as to whether the Producing Party will make a claim of inadvertent production. If the Producing Party makes such a claim, the provisions of Paragraphs

1    12(b)-(c) above shall apply.

2    12.    <u>MISCELLANEOUS</u>

3        12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek

4    its modification by the court in the future.

5        12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order

6    no Party waives any right it otherwise would have to object to disclosing or producing any

7    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

8    Party waives any right to object on any ground to use in evidence of any of the material covered by

9    this Protective Order.

10       12.3    <u>Right To Extend Deadlines</u>. Nothing in this Order prevents the Parties from

11   modifying the deadlines contained herein as needed to avoid unnecessary motions or disputes or for

12   other reasons to promote efficient litigation of the action provided the modification does not affect

13   the Court's schedule.

14       12.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a

15   court order secured after appropriate notice to all interested persons, a Party may not file in the

16   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

17   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

18   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

19   to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

20   Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

21   protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

22   to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information

23   in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

24   13.    <u>FINAL DISPOSITION</u>

25   Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

26   Party must return all Protected Material to the Producing Party or destroy such material. As used

27   in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

28

**STIPULATED PROTECTIVE ORDER**                    **CASE NO. 4:21-cv-07032-HSG**

1  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

2  the Protected Material is returned or destroyed, the Receiving Party must submit a written

3  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

4  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

5  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

6  any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

7  of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

8  copy of all material designated CONFIDENTIAL INFORMATION, including all pleadings,

9  motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

10  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

11  work product, even if such materials contain Protected Material, for reference in the event of

12  disputes over the use or disclosure of such material. Any such archival copies that contain or

13  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

14  (DURATION).

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17  DATED: _____     /s/ Elizabeth Hopkins_____

18                                                          **KANTOR & KANTOR, LLP**
                                                             19839 Nordhoff Street
19                                                          Northridge, CA 91324

20                                                          *Attorneys for Plaintiff, K.G.*

21

22  DATED: _____     /s/ Karen A. Braje_____

23                                                          **REED SMITH LLP**
                                                             101 Second Street, Suite 1800
                                                             San Francisco, CA 94105-3659
24
                                                             *Attorneys for Defendant, UnitedHealthcare, Inc.*
25

26

27

28

**STIPULATED PROTECTIVE ORDER**                    **CASE NO. 4:21-cv-07032-HSG**

1

2
PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4
DATED: 1/6/2022

5
Honorable Haywood S. Gilliam, Jr.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**                    **CASE NO. 4:21-cv-07032-HSG**

1

2

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of _____ [print or

4

type full address], declare under penalty of perjury that I have read in its entirety and understand the

5

Stipulated Protective Order that was issued by the United States District Court for the Northern

6

District of California on _____ [date] in the case of *K.G.. v. United Healthcare*, Case No.

7

3:21-cv-07032-HSG. I agree to comply with and to be bound by all the terms of this Stipulated

8

Protective Order and I understand and acknowledge that failure to so comply could expose me to

9

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

10

any manner any information or item that is subject to this Stipulated Protective Order to any person

11

or entity except in strict compliance with the provisions of this Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the Northern

13

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

14

if such enforcement proceedings occur after termination of this action.

15

I hereby appoint _____ [print or type full name] of

16

_____ [print or type full address and telephone number] as

17

my California agent for service of process in connection with this action or any proceedings related

18

to enforcement of this Stipulated Protective Order.

19

20

Date: _____

21

City and State where sworn and signed: _____

22

23

Printed name: _____

24

25

Signature: _____

26

27

28

---

**STIPULATED PROTECTIVE ORDER**                          **CASE NO. 4:21-cv-07032-HSG**

United States District Court
Northern District of California